1  STEVEN ZINNEL
2  41 W HWY 14, Unit # 2484
   Spearfish, SD 57783
3
4  E. firsthalfsteve@gmail.com
5  In pro se
6
7          IN THE UNITED STATES DISTRICT COURT
8          DISTRICT OF SOUTH DAKOTA, WESTERN DIVISION
9
   UNITED STATES OF AMERICA,          Case No.: 5:25-mc-00030-CBK
10
          Plaintiff,
11
          v.                          **DEFENDANT STEVEN ZINNEL'S RESPONSE
12                                     TO JUDGE CHARLES B. KORNMANN'S
   STEVEN ZINNEL,                      MEMORANDUM FILED ON OCTOBER 7, 2025
13                                     (ECF #183 )AND THE GOVERNMENT'S
          Defendant and [alleged]      RESPONSE TO THE MEMO FILED ON
14        Judgment Debtor.             OCTOBER 9, 2025 (ECF #185)**
15  ──────────────────────────────     No Hearing Required
16  TD AMERITRADE CLEARING, INC.,
17        Garnishee.
18
19
20      Defendant Steven Zinnel ("Zinnel") hereby responds to Judge Charles B. Kornmann's
21  Memorandum filed on October 7, 2025 (ECF #183) and the Government's Response to the Memo
22  filed on October 9, 2025 (ECF #185):
23                              SUMMARY
24  1) It is unfair, unreasonable, and impractical to have a trial on November, 4, 2025 as the case
25     has been pending for over four years and the Court provided the parties a mere twenty-five
26     days' notice of the trial date when discovery still needs to be propounded and responses
27     received and witnesses need to be subpoenaed;
28

2) Dependent on how long it takes the Government to put on its case in chief, Zinnel believes the trial will take three days or more;

3) Zinnel, like the Government, desires a trial in early December before Judge Kornmann is out of the District until early May 2026.

4) Under the law and facts of this case, there must be an evidentiary hearing as Judge Kornmann clearly recognizes and has preliminarily scheduled;

5) At this juncture of the case, it would be reversable error on appeal for the Court to Grant the Government's threatened *Motion for Final Order of Garnishment* without an evidentiary hearing and a Court finding that Zinnel owes any money whatsoever in the underlying Criminal Case (*United States v. Steven Zinnel*, U.S.D.C. ED CA Case No. 2:11-cr-00234-TLN).

6) Depending on the form of the briefs, Zinnel is open to exploring a submission on party briefs in lieu of a 3+ day trial with the Court's input and guidance;

7) Zinnel is willing to settle with the Government if the Government pays Zinnel a bit South of $1.3 million, but well North of $650,000;

8) Pursuant to the Ninth Circuit's Mandate and District Court Judge Troy L. Nunley's opinion, Judge Kornmann should order the Government to pay Zinnel forthwith the $650,000 that is in the Government's piggy bank that it is unlawfully holding with no Court order authorizing the Government to keep the money pending the resolution of this case.

---

Defendant Steven Zinnel's Response to Judge Charles B. Kornmann's Memorandum filed on October 7, 2025 (ECF #183) and the Government's Response to the Memo filed on October 9, 2025 (ECF #185)

- 2 -

1      1.   <u>**A TRIAL CANNOT OCCUR ON NOVEMBER 4, 2025**</u>

2

3      In his Memorandum, Judge Kornmann requested the parties to comment whether they want

4 to try the case prior to him leaving or after he gets back in May of 2026. The Government does not

5 want a trial as early as November 4, 2025, but does want the trial to occur before Judge Kornmann

6 leaves the District in early December. FOr once, Zinnel agrees with the Government. It is unfair,

7 unreasonable, and impractical to have a trial on November, 4, 2025 as the case has been pending

8 for over four years and the Court provided the parties a mere twenty-five days notice of the trial date

9 when discovery still needs to be propounded and responses received and witnesses need to be

10 subpoenaed

11

12      2.   <u>**ZINNEL ESTIMATES THE WILL TAKE AROUND THREE (3) DAYS**</u>

13

14

15      Dependent on how long it takes the Government to put on its case in chief, Zinnel believes

the trial will take three days or more.

16

17

18      3.   <u>**IF THERE IS A TRIAL, IT SHOULD BE IN EARLY DECEMBER BEFORE**</u>

19           <u>**JUDGE KORNMANN LEAVES THE DISTRICT FOR FIVE MONTHS**</u>

20

21      Zinnel, likes the Government desires a trial in early December before Judge Kornmann is

22 out of the District until early May 2026

23

24      4.   <u>**THERE MUST BE AN EVIDENTIARY HEARING**</u>

25      Under the law and facts of this case, there must be an evidentiary hearing as Judge

26 Kornmann clearly recognizes and has preliminarily scheduled.

27      28 *U.S.C.* § 3202(d) states the court *shall* hold a hearing at the debtor's request and states in

28 relevant part:

---

Defendant Steven Zinnel's Response to Judge Charles B. Kornmann's Memorandum filed on October 7, 2025 (ECF #183) and the Government's Response to the Memo filed on October 9, 2025 (ECF #185)

- 3 -

1

2

3

(d) Hearing.—By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy. <u>The court that issued such order shall hold a hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within 5 days after receiving the request.</u> (emphasis added)

4

5

6

7

8

9

The Supreme Court has found "shall to be the language of command." *Escoe v. Zerbst*, 295 U.S. 490, 493 (1935). In 1998, the Supreme Court again made it crystal clear that "shall" creates an obligation not subject to judicial discretion. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). The Ninth Circuit has held the same: "The word 'shall' is ordinarily the language of command." *United States v. Kowalczyk*, 805 F.3d 847, 857 (9th Cir. 2015).

10

11

12

13

14

15

16

17

18

Zinnel timely requested the mandatory evidentiary hearing mandated by 28 *U.S.C.* §3202(d) for an accounting and a court determination of how much of the $3,150,129.14 (ECF #20, p. 8; ECF #84, p. 11; ECF #138, p.13) the government had marshaled that must be credited to the court-ordered restitution of $2,513,319.00 and the fine of $500,000.00 (ECF #1, p. 2; ECF #20, p. 7; ECF #84, p. 4; Criminal Case, ECF #386, pgs. 1 & 6). Zinnel proffered compelling evidence that he did not owe any of the $3,014,294.00 the government claimed he still owed, and in fact, the government had over-collected at least $135,310.14 that the district court should have ordered returned to Zinnel in the garnishment writ proceedings. (ECF nos. 20 & 84).

19

20

21

22

23

24

25

26

27

28

After filing a garnishment writ action, and thereafter litigating and maintaining for over a year that Zinnel still owed $2,513,319.00 in restitution, a $500,000.00 fine, and a special assessment of $1,500.00, all of which was disputed by Zinnel, during a court-supervised settlement conference on June 3, 2022, the government without any explanation or accounting, agreed the *maximum exposure* Zinnel faced was for alleged outstanding restitution was $513,056.00 and an alleged outstanding fine of $500,000.00 for a total of $1,013,056 as a path forward for continued litigation which included providing documentation and an accounting by the government. (Transcript, p. 6). Further, without explanation, the government agreed the *maximum exposure* of Zinnel for a litigation surcharge was an arbitrary $150,000.00. (Transcript, pgs. 6, 18, & 19). However, during

Defendant Steven Zinnel's Response to Judge Charles B. Kornmann's Memorandum filed on October 7, 2025 (ECF #183) and the Government's Response to the Memo filed on October 9, 2025 (ECF #185)

- 4 -

the settlement conference, Zinnel constantly and consistently maintained his position from the start that that he did not owe the government any additional money, as all of his financial obligations in the Criminal Case had been satisfied by March 3, 2014. (ECF #84, pgs. 4 & 5; ECF #138, pgs. 25 & 44). Alternatively, if there was any money owed, it would only be for the fine, not for restitution or special assessment. (Transcript, p. 5). It was agreed by the Government and Zinnel that they would litigate with in the future and have Judge Nunley decide how much Zinnel owed in the Criminal Case if any. Thus, the settlement conference resulted in a partial settlement and a path forward regarding future litigation between Zinnel and the Government (Transcript, pgs. 3, 5, 6, 25, & 37).

Thus, after steadfastly maintaining its specious position for over a year of constant litigation, in both District Court and State of California Probate Court, that Zinnel owed $3,315,723.40 including a litigation surcharge, government lawyer AUSA Ernce, in a binding admission on behalf of her client Appellee United States of America, admitted that at least $2,152,667.34 had magically disappeared. (Transcript p. 6; ECF #138, pgs. 13 & 14). This demonstrates there was, and still is, a need for an evidentiary hearing as required by 28 *U.S.C.* §3202(d). Further, the government failed to explain why the $3,150,129.14 that the government had marshaled in the Criminal Case as of September 21, 2016 had not satisfied ALL of the restitution, fine, and special assessment. (Transcript; ECF #138, pgs. 13 & 14). Nor has the government provided any accounting. (Transcript, pgs. 18, 19, & 29; ECF #138, pgs. 13 & 14). Thus, the district court erred when it did not hold an evidentiary hearing, as required by 28 *U.S.C.* §3202(d) and timely requested by Zinnel.

In its Status Report, AUSA Lynn Trinka Ernce wrote:

> Although the Court has vacated its final garnishment order, its writ of garnishment remains in effect, and **the United States intends to renew its request for a final garnishment order as soon as practicable**. The United States believes that Zinnel's continued objection to the garnishment – that he does not owe any money because the United States forfeited more than he was ordered to pay in victim restitution – **which this Court found to lack merit**, continues to be meritless and untenable. (emphasis added).

1    <u>First</u>, contrary to AUSA Lynn Trinka Ernce's misrepresentation to the court that Zinnel's

2    position is *that he does not owe any money because the United States <u>forfeited</u> more than he was*

3    *ordered to pay in victim restitution*, Zinnel's true position is the Government has marshalled and

4    over-collected $4,344,160.00 from Zinnel when $3,014,819.00 was the Total Amount Ordered by

5    Judge Troy L. Nunley to be paid by Zinnel in the Criminal Case (ECF #20, p. 7; ECF #84, p. 4;

6    Criminal Case, ECF #386, pgs. 1 & 6) and thus the Government owes Steven Zinnel $1,329,341.00.

7    <u>Second</u>, Zinnel's position is that any court order or findings and recommendations in this

8    case after Zinnel's May 3, 2021 Request for Proceedings to be Transferred (ECF #21) and Zinnel's

9    May 21, 2021, Objections to the Eastern District ruling on any matters in this pending case (ECF

10   #42), and Zinnel's objections to the United States District Court Eastern District of California's

11   jurisdiction and venue during the June 3, 2022 Settlement Conference (see Transcript ECF #134,

12   pg. 17) are **invalid, null and void, inoperative, and non-enforceable.**   The Ninth Circuits

13   Published Opinion (ECF #168) found that the Court's refusal to transfer the case, which was

14   mandatory under 28 *U.S.C.* §3004(b)(2), was the type of violation that necessarily affected the

15   debtor's "substantial rights."   Therefore, any and all court orders and findings of fact and

16   recommendations after Zinnel's May 3, 2021 Request for Proceedings to be Transferred (ECF #21)

17   effected Zinnel's substantial rights and are **invalid, null and void, inoperative, and non-**

18   **enforceable.**

19   Thus, the following orders are **invalid, null and void, inoperative, and non-enforceable:**

20

21

| 07/20/2021 | <u>89</u> | ORDER and FINDINGS and RECOMMENDATIONS signed by Magistrate Judge Allison Claire on 7/19/2021 ORDERING a Status Conference be set on the request by David Zinnel (ECF No. 13) for 11/3/2021 at 10:00 AM in Courtroom 26 (AC) before Magistrate Judge Allison Claire and DENYING <u>70</u> , <u>71</u> , <u>72</u> , <u>85</u> and <u>87</u> Motions. It is hereby RECOMMENDED the <u>20</u> Request for Evidentiary Hearing and <u>43</u> Motion to Dismiss be denied. Referred to Judge Troy L. Nunley. Objections due within 14 days after being served with these Findings and Recommendations. (Tupolo, A) (Entered: 07/20/2021) |
| --- | --- | --- |

28

| 09/20/2021 | 110 | ORDER signed by District Judge Troy L. Nunley on 9/20/2021 ADOPTING 89 The Findings and Recommendations in full; DENYING 43 Motion to Dismiss and 20 Request for Evidentiary Hearing. (Mena-Sanchez, L) (Entered: 09/20/2021) |
| 06/13/2022 | 137 | FINDINGS and RECOMMENDATIONS signed by Magistrate Judge Allison Claire on 6/13/2022 Recommending that the United States' 135 Request for Findings and Recommendations for Final Order of Garnishment be Granted in its entirety Referred to Judge Troy L. Nunley. Objections due within 14 days after being served with these findings and recommendations. (Coll, A) (Entered: 06/13/2022) |
| 05/26/2021 | 44 | ORDER signed by Magistrate Judge Allison Claire on 5/25/2021 DENYING 36 & 41 Motions for Copy of Docket and all Filings; DENYING 29 Motion to Strike; DENYING 34 Motion for Personal Service; GRANTING 35 Motion for Extension of time to 6/30/2021 to submit a reply with respect to his motion for a hearing; DENYING 37 Motion to Quash; and CONSTRUING 30 Motion to Object as an Opposition to the third-party request of David Zinnel. (Coll, A) (Entered: 05/26/2021) |
| 05/20/2022 | 127 | ORDER signed by District Judge Troy L. Nunley on 5/19/2022 DENYING 67 , 69 , 86 , 91 , 92 , 104 and 105 Motions and DENYING 77 Motion to Consolidate Cases. (Huang, H) (Entered: 05/20/2022) |
| 07/18/2022 | 150 | MINUTE ORDER issued by Courtroom Deputy J. Anderson for Magistrate Judge Allison Claire on 07/18/2022: Plaintiff filed a motion to transfer this case (ECF No. 140 ) and a motion for electronic filing (ECF No. 141 ). Both of these motions are repetitive and meritless [1] and are DENIED. (Text Only Entry) (Anderson, J) (Entered: 07/18/2022) |

Based on the aforementioned and Zinnel's Status Report, the United States CANNOT *renew its request for a final garnishment order as soon as practicable*.

///

///

///

///

---

[1] The Ninth Circuit's Published opinion makes it crystal clear that Zinnel's Motion to Transfer the case was not *meritless.*

1    **5.  THERE COULD BE A SUBMISSION ON BRIEFS FOR THE COURT TO**

2    **DECIDE THE CASE ON THE MERITS WITHOUT A TRIAL**

3

4       In its response, the Government suggests there could be a decision in this case based on

5    briefs without a trail. Zinnel, tentatively agrees. Depending on the form of the briefs, Zinnel is open

6    to exploring a submission on party briefs in lieu of a 3+ day trial with the Court's input and guidance;

7

8    **6.  THERE COULD A SETTLEMENT OF THIS CASE WITHOUT A TRIAL**

9

10      With the settlement protections offered to Zinnel by *Federal Rules of Evidence* Rule 408,

11   Zinnel informs the Government and the Court that this case could settle without any further litigation

12   if the Government agrees to pay Zinnel, in U.S. Currency (i.e. cash), an amount well North of

13   $650,000.00 but perhaps a few degrees South of $1,329,341.00, within ten (10) days.  Further, if

14   after the Court is up to speed on the case by thoroughly reviewing recent party briefing, to wit ECF

15   nos. 172, 175, & 177, and if the Court is willing, Zinnel would welcome Judge Kornmann to

16   conducting a Settlement Conference via Zoom.

17

18

19   **7.  JUDGE KORNMANN SHOULD ORDER THE GOVERNMENT TO PAY**

20   **ZINNEL FORTHWITH THE $650,000**

21

22      Pursuant to the Ninth Circuit's Mandate and District Court Judge Troy L. Nunley's opinion,

23   Judge Kornmann should order the Government to pay Zinnel forthwith the $650,000 which is in the

24   Government's piggy bank that it is unlawfully holding with no Court order authorizing the

25   Government to keep the money pending the resolution of this case.

26      **Dispositively**, there is no court order authorizing the government to retain the $650,000 it

27   unlawfully obtained and there is no court order authorizing the government to receive a $150,000

28

---

Defendant Steven Zinnel's Response to Judge Charles B. Kornmann's Memorandum filed on October 7, 2025 (ECF
#183) and the Government's Response to the Memo filed on October 9, 2025 (ECF #185)

1  litigation surcharge.  The Government has over-collected $1,329,341.00from Zinnel that must be

2  returned to Zinnel.

3      As to Judge Troy L. Nunley's August 8, 2025 Order concerning the Ninth Circuit's

4  Published Opinion, Judgment, and Mandate regarding the appropriate remedy (ECF #169, pages 2

5  & 3) and Judge Troy L. Nunley  writing in his August 8, 2025 order that Pursuant to the Ninth

6  Circuit's mandate, *the Court intends to direct the United States to return $650,000* to TD

7  Ameritrade, (emphasis added) is that instead, Plaintiff United States of America MUST be ordered

8  to pay defendant Steven Zinnel $650,000.00 in  U.S. Currency (i.e. cash) within ten (10) days

9  because as explained below Zinnel's deceased mom Ardith Ferris' TD Ameritrade Clearing, Inc.

10 rollover IRA Acct 782-830613 is in fact now closed and thus no new funds can be deposited into

11 the account.

12

13     The funds and assets that were in Zinnel's deceased mom Ardith Ferris' TD Ameritrade

14 Clearing, Inc.  rollover IRA Acct 782-830613 was in part, Steven Zinnel's inheritance from his

15 mom, who died on September 21, 2016 from a massive heart attack in her church's parking lot.

16 Zinnel's opinion, belief, and viewpoint it the stress that prosecutors AUSA Matthew D. Segal and

17 AUSA Audrey Benison Hemesath and Judge Troy L. Nunley asserted on Zinnel's mom, resulted in

18 her untimely death.

19     There is a global settlement was reached between Steven Zinnel, Michael Brumbaugh, the

20 Castana Trust  dated March 4, 2009, the *Estate of David Zinnel*, and Jennifer Zinnel in November

21 of 2024, that Steven Zinnel would receive ALL proceeds from the litigation between Steven Zinnel

22

23 and the United States of America in this garnishment case. As a result of the global settlement that

24 was reached between Steven Zinnel, Michael Brumbaugh, the Castana Trust  dated March 4, 2009,

25 the *Estate of David Zinnel*, and Jennifer Zinnel in November of 2024, that Steven Zinnel (see Exhibit

26 3), Michael Brumbaugh, the Castana Trust  dated March 4, 2009, and the *Estate of David Zinnel*, and

27 Jennifer Zinnel no longer have a dog in this fight and Michael Brumbaugh should not be required

28 to participate any further in this Garnishment case.

1    Zinnel completely agrees with Michael Brumbaugh's Status Report emailed to Zinnel on

2    August 15, 2025 by attorney Kenneth Gregory Peterson wherein attorney Peterson correctly stated

3    that all previous disputes and /or issues between Steven Zinnel and Michael Brumbaugh, the Castana

4    Trust  dated March 4, 2009, the *Estate of David Zinnel*, and Jennifer Zinnel have been resolved by

5    way of the Settlement Agreement and Stipulation and Order and any unresolved issues in this matter

6    are solely between the Plaintiff United States of America and Defendant Steven Zinnel. Zinnel also

7    completely agrees with Michael Brumbaugh that he should not be required to take any further action

8    in this garnishment case.

9    Similarly, because Charles Schwab in its capacity as successor in interest to TD Ameritrade

10    Clearing, Inc., (Garnishee) complied with the Court's order issued on November 22, 2024, (ECF

11    #161, page 4) and Charles Schwab in its capacity as successor in interest to TD Ameritrade Clearing,

12    Inc., (Garnishee) counsel's email to Zinnel dated July 21, 2025, confirmed Zinnel's deceased mom

13    Ardith Ferris' TD Ameritrade Clearing, Inc.  rollover IRA Acct 782-830613 is in fact now closed

14    and thus no new funds can be deposited into the account. Thus, Charles Schwab in its capacity as

15    successor in interest to TD Ameritrade Clearing, Inc., (Garnishee) no longer has a dog in this fight

16    and Charles Schwab in its capacity as successor in interest to TD Ameritrade Clearing, Inc.,

17    (Garnishee)  should not be required to participate any further in this garnishment case.

18

19

20    Thus, now the ONLY two dogs in this fight are Plaintiff United States of America and

21    alleged judgment debtor defendant Steven Zinnel.  Zinnel has constantly maintained that he did not

22    owe the United States of America any money whatsoever when the Government filed this

23    Garnishment action over four years ago on April 2, 2021 (ECF #1) and in fact as of the date of the

24    filing of this Status Report, the Government has now over-collected $1,329,341.00, which is now

25    sitting the Government's Piggy Bank, and thus not a claw-back from any restitution recipients, from

26    what the Judge Troy L. Nunley  ordered Zinnel to pay, not just $650,000.00, and Zinnel is owed a

27    refund from the Government of $1,329,341.00; A position Zinnel is still adamant about today.

28

If the Government does not agree, the Government must be ordered to pay Zinnel $650,000.000 in U.S. Currency (i.e. cash) within ten (10) days pursuant to the Ninth Circuit's June 9, 2025 Published Opinion, Judgement, and Mandate and the global settlement that was reached between Steven Zinnel, Michael Brumbaugh, the Castana Trust dated March 4, 2009, the Estate of David Zinnel, and Jennifer Zinnel in November of 2024, then Zinnel and the Government can litigate going forward in the District of South Dakota and the United States Court of Appeals in and for the Eighth Circuit if necessary, as to whether the Government owes Zinnel an additional $679,341.00 ($1,329,341.00 - $650,0000.00) via an evidentiary hearing which the Government and Zinnel agreed to in their partial settlement placed on record in front of the Hon. Kendall J. Newman, Chief Magistrate Judge on June 3, 2022 contained in the docket at ECF #134, pages 3, 5, 6, 19, 20, 29, 25, 7, 9, 10, 11, 15, 18.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

Respectfully submitted,

Steven Zinnel, In Pro Se

Dated: 10/16/25

## CERTIFICATE OF SERVICE

I hereby certify that at the date of service, I was over the age of 18. I further certify that on the date specified executed below, I served the foregoing document(s) on the following persons and/or organization:

| | |
|---|---|
| Lynn Trinka Ernce<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814<br><br>Email: lynn.trinka.ernce@usdoj.gov | Kenneth Gregory Peterson<br>Boutin Jones Inc.<br>555 Capitol Mall, Suite 1500<br>Sacramento, CA 95814<br><br>Email: gpeterson@boutinjones.com |
| Melanie Vartabedian, Esq.<br>Ballard Spahr LLP<br>201 South Main Street, Suite 800<br>Salt Lake City, UT 84111-2221<br>Email: vartabedianm@ballardspahr.com | Adam Taryle, Esq.<br>Ballard Spahr LLP<br>2029 Century Park East, Suite 1400<br>Los Angeles, CA 90067<br>Email: tarylea@ballardspahr.com |
| Anne C. Weyer<br>United States Attorney's Office<br>P.O. Box 2638<br>Sioux Falls, South Dakota 57101<br><br>Email: Anne.Weyer @usdoj.gov | . |

I further certify I served the foregoing document(s) by the following method checked:

☑ **BY MAIL**: I deposited such envelope in a U.S. Mail receptacle, with postage prepaid, and addressed as above described.

[ ] **BY ELECTRONIC MAIL**: I caused such documents listed above to be transmitted via electronic mail to the e-mail address(es) as above described.

Executed on  10/16/25  . I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_Derian Eidson_
Derian Eidson

---

Defendant Steven Zinnel's Response to Judge Charles B. Kornmann's Memorandum filed on October 7, 2025 (ECF #183) and the Government's Response to the Memo filed on October 9, 2025 (ECF #185)