AO 245C-CAED (Rev. 09/2019) Sheet 1 - Amended Judgment in a Criminal Case    (NOTE: Identify Changes with Asterisks*)

# UNITED STATES DISTRICT COURT
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA | **THIRD AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: **2:11CR00234-1** |
| **STEVEN ZINNEL** | Defendant's Attorney: Tasha Chalfant, Hybrid Counsel, Appointed |

**Date of Original Judgment:**   __October 19, 2021__
(Or Date of Last Amended Judgment)

**THE DEFENDANT:**

[ ]   pleaded guilty to count(s) ____.

[ ]   pleaded nolo contendere to count(s) ____ , which was accepted by the court.

[✓]   was found guilty on Counts __1, 2, 4-12, 15-18__ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:
**See next page.**

The defendant is sentenced as provided in pages 2 through____of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count(s) ____ .

[ ]   Count(s) ____ dismissed on the motion of the United States.

[✓]   Indictment is to be dismissed by District Court on motion of the United States.

[✓]   Appeal rights given.          [ ]    Appeal rights waived.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution or fine, the defendant must notify the court and United States attorney of material changes in economic circumstances.

__10/19/2021__
Date of Imposition of Judgment

Signature of Judicial Officer

**Troy L. Nunley**, United States District Judge
Name & Title of Judicial Officer

__10/21/2021__
Date

I hereby certify that the annexed
instrument is a true and correct copy of
the original on file in my office.
ATTEST: **KEITH HOLLAND**

Clerk, U. S. District Court
Eastern District of California

By_____
                          Deputy Clerk

Dated____10/28/2025____



GOVERNMENT
EXHIBIT
1
5-25-mc-30
5-25-mc-31

AO 245B-CAED (Rev. 09/2019) Sheet 5 - Criminal Monetary Penalties

DEFENDANT: **STEVEN ZINNEL**                                                        Page 7 of 9
CASE NUMBER: **2:11CR00234-1**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

**TOTALS**

| Processing Fee | Assessment | AVAA Assessment* | JVTA Assessment** | Fine | Restitution |
|---|---|---|---|---|---|
| | $1,500.00 | | | $500,000.00 | $2,513,319.00 |

[ ] The determination of restitution is deferred until ____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

[✓] The Court orders the defendant to pay restitution to the victim(s) as outlined in the Restitution Attachment on Sheet 5B.

In addition, the Court gives notice that this case involves other defendants, or may involve other defendants, who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future. Such future orders do not increase the amount of restitution ordered against the defendant.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

[ ] Restitution amount ordered pursuant to plea agreement $ ____

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[✓] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [✓] The interest requirement is waived for the     [✓] fine   [✓] restitution

   [ ] The interest requirement for the     [ ] fine   [ ] restitution is modified as follows:

[✓] If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[✓] If incarcerated, payment of the restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 09/2019) Sheet 5B - Criminal Monetary Penalties

DEFENDANT: **STEVEN ZINNEL**
CASE NUMBER: **2:11CR00234-1**

Page 8 of 9

## RESTITUTION PAYMENTS

Restitution of $2,513,319.00 to:

ARROW FINANCIAL SERVICES
MALVERN, PA 19355-0701
$141.50

FIRST NATIONAL INSURANCE COMPANY OF AMERICA
SAN FRANCISCO, CA 94111
$569,502.65

GENERAL INSURANCE COMPANY OF AMERICA
SAN FRANCISCO, CA 94111
$866,803.83

MICHELLE ZINNEL
ROSEVILLE, CA 95678
$305,058.28

TRAVELERS CASUALITY AND SURETY CO.
HARTFORD, CT 06183
$286,000.00

ZAC ZINNEL
ELK GROVE, CA 95758
$150,000.00

FIRST BANK
CITRUS HEIGHTS, CA 95610
$156,663.27

FOG CUTTER SERVICES
PORTLAND, OR 97208-2665
$10,799.35

MBNA AMERICA BANK
WILMINTON, DE 19060
$3,641.15

SAFECO INSURANCE COMPANY OF AMERICA
SAN FRANCISCO, CA 94111
$6,202.80

WELLS FARGO CARD SERVICES
DES MOINES, IA 50306
$8,506.17

ZAYNA ZINNEL
ELK GROVE, CA 95758
$150,000.00

AO 245B-CAED (Rev. 09/2019) Sheet 6 - Schedule of Payments

DEFENDANT: **STEVEN ZINNEL**                                                                                    Page 9 of 9
CASE NUMBER: **2:11CR00234-1**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A.   [ ]   Lump sum payment of $ ___ due immediately, balance due

   [ ]   Not later than ___, or

   [ ]   in accordance      [ ] C,      [ ] D,      [ ] E, or      [ ] F below; or

B.   [✓]   Payment to begin immediately (may be combined with      [ ] C,      [ ] D,      or [ ] F below); or

C.   [ ]   Payment in equal ___ *(e.g. weekly, monthly, quarterly)* installments of $ ___ over a period of ___ *(e.g. months or years)*, to commence ___ *(e.g. 30 or 60 days)* after the date of this judgment; or

D.   [ ]   Payment in equal ___ *(e.g. weekly, monthly, quarterly)* installments of $ ___ over a period of ___ *(e.g. months or years)*, to commence ___ *(e.g. 30 or 60 days)* after release from imprisonment to a term of supervision; or

E.   [ ]   Payment during the term of supervised release/probation will commence within ___ *(e.g. 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendants ability to pay at that time; or

F.   [ ]   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[✓]   The defendant shall forfeit the defendant's interest in the following property to the United States: *The Stipulation for Final Order of Forfeiture and Order filed on 6/5/2014, and the Final Order of Forfeiture Regarding Substitute Property filed on 2/3/2015, are hereby incorporated in their entirety.*

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

SUZANNE A. LUBAN, SBN 120629
Attorney At Law
3758 Grand Ave. #4
Oakland, California 94610
Telephone 510/832-3555

Attorney for Defendant
STEVEN K. ZINNEL

I hereby certify that the annexed
Instrument is a true and correct copy of
the original on file in my office.
ATTEST: KEITH HOLLAND

Clerk, U. S. District Court
Eastern District of California

By_____
                    Deputy Clerk

Dated_ 10/28/2025

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA
(Sacramento)

| UNITED STATES OF AMERICA, | ) | CR. S-11-234-TLN |
|---|---|---|
| Plaintiff, | ) | |
| | ) | STIPULATION AND ORDER |
| vs. | ) | RE: RESTITUTION |
| | ) | |
| STEVEN K. ZINNEL, et al., | ) | |
| | ) | Date: April 2, 2014 |
| Defendants. | ) | |
| | ) | Judge: Hon. Troy L. Nunley |

The United States and defendant Steven Zinnel stipulate to the entry of criminal restitution as set forth below. This stipulation is entered into in light of the Court's rulings at sentencing. The parties agree that none of the agreements herein waive defendant Steven Zinnel's objections prior to and at sentencing to any of the guideline enhancements or sentencing determinations already imposed by the Court, and the United States will not argue that a plain error standard of review applies as a consequence of this stipulation. This includes, but is not limited to, whether any of the persons listed below was a "victim" or suffered "loss" or the amount of the loss within the meaning of the Sentencing Guidelines.

Subject to the above proviso, defendant Steven Zinnel and the United States, by and through their attorneys, hereby stipulate and agree that the Court shall enter a restitution order as follows:

Steven Zinnel shall be ordered to pay the following restitution amounts to the persons listed

1



GOVERNMENT
EXHIBIT
2
5:25-mc-30
5:25-mc-31
PENGAD 800-631-6989

below in the amounts stated below:

1.  First Bank: $156,663.27, which represents the remainder owed to First Bank on all of its deeds of trust and any debt arising from its payment on indemnity bonds guaranteed by Mr. Zinnel;

2.  Michelle Zinnel: A total of $305,058.28, which comprises:

(a) $12,705.43 in attorneys' fees arising from the order to indemnify Ms. Zinnel for attorneys fees actually incurred by Ms. Zinnel in *General Ins. Co. of America et al. v. Corporate Control Inc. et al.*, CV-02-1020-WBS;

(b) $156,208.85 in child support for years 2005, 2006, 2007 and 2008;

(c) $3,773.00 in child support through March 10, 2014;

(d) $132,371, which represents attorneys' fees expended by Michelle Zinnel for family court representation from January 2000 through December 2005;

The parties reiterate that this stipulation does not waive any objections to guideline calculations or findings, such as that Michelle Zinnel is a "victim" or that any amounts she claims constitute "loss" under the Guidelines.

3.  Zac Zinnel:  $150,000.00, which shall be held in trust for the benefit of the child according to terms to be jointly proposed by the parties and approved by the court.

4.  Zayna Zinnel: $150,000.00, which shall be held in trust for the benefit of the child according to terms to be jointly proposed by the parties and approved by the court.

5.  Fog Cutter Services: $10,799.35;

6.  Wells Fargo Card Services: $8,506.17;

7.  Travelers Casualty and Surety Co.: The parties agree that restitution shall be ordered in the amount of $1,000.00, which represents Travelers' actual payment on a bond claim.  The parties agree that restitution of $285,000 shall be ordered for Travelers based on an Indemnity Agreement entered into by the relevant parties on July 15, 1996.

8.    Arrow Financial Services: $141.50;

9.    MBNA America Bank: $3,641.15;

10.    General Insurance Co. / First National Insurance Company of America / Safeco:  A total of $1,442,509.28 to be distributed per the claims filed in bankruptcy court, which comprises:

(a) $1,192,509.28, which represents the judgment amount stated in the Order filed on June 23, 2004 as Docket No. 247 and the Judgment filed on October 26, 2004 as Docket No. 366 in *General Ins. Co. of America et al. v. Corporate Control Inc. et al.*, CV-02-1020-WBS;

(b) $250,000.00, which represents the collateral security amount that was ordered to cover future bond payments in the Order filed on June 23, 2004 as Docket No. 247 and the Judgment filed on October 26, 2004 as Docket No. 366 in *General Ins. Co. of America et al. v. Corporate Control Inc. et al.*, CV-02-1020-WBS; and

11.    Stuart Allen Associates: Zero because this was a duplicate claim.

IT IS SO STIPULATED:

DATED: April 1, 2014                    ___/S/ Suzanne A. Luban___
                                         SUZANNE A. LUBAN
                                         Counsel for Steven. K. Zinnel


DATED: April 1, 2014                    ___/S/ Kevin Khasigian___
                                         KEVIN KHASIGIAN
                                         Assistant United States Attorney
                                         Counsel for Plaintiff


DATED: April 1, 2014                    ___/S/ Matthew D. Segal___
                                         MATTHEW D. SEGAL
                                         Assistant United States Attorney
                                         Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(Sacramento)

| UNITED STATES OF AMERICA, | ) | CR. S-11-234-TLN |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER ON RESTTUTION |
| STEVEN K. ZINNEL, | ) | |
| Defendant. | ) | |
| | ) | Judge: Hon. Troy L. Nunley |

For Good Cause Shown and pursuant to the stipulation of the parties,

IT IS HEREBY ORDERED that defendant Steven Zinnel shall pay restitution in the following amounts to the following persons.

1. First Bank: $156,663.27;

2. Michelle Zinnel: $305,058.28

3. Zac Zinnel: $150,000.00, which shall be held in trust for the benefit of the child according to terms to be jointly proposed by the parties and approved by the court;

4. Zayna Zinnel: $150,000.00, which shall be held in trust for the benefit of the child according to terms to be jointly proposed by the parties and approved by the court;

5. Fog Cutter Services: $10,799.35;

6. Wells Fargo Card Services: $8,506.17;

- 1 -

7.    Travelers Casualty and Surety Co.: $286,000, as set forth in the stipulation;

8.    Arrow Financial Services: $141.50;

9.    MBNA America Bank: $3,641.15;

10.    General Insurance Co. / First National Insurance Company of America / Safeco:

$1,442,509.28, to be distributed per the claims filed in bankruptcy court.

IT IS SO ORDERED.

Dated: April 2, 2014

Troy L. Nunley
United States District Judge

- 2 -

TD AMERITRADE CLEARING, INC.
Incorporating Service, LTD.
7801 Folsom Blvd., #202
Sacramento, CA  95826

**FILED**

APR 1 4 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:21-mc-00098-WBS-AC |
| Plaintiff, | |
| v. | ACKNOWLEDGMENT OF SERVICE AND ANSWER OF GARNISHEE (BANK, IRA, STOCKS OR BROKERAGE ACCOUNTS) |
| STEVEN ZINNEL, | |
| Defendant and Judgment Debtor, | Criminal Case No.: 2:11-cr-00234-TLN |
| TD AMERITRADE CLEARING, INC., (and its Successors and Assignees) | |
| Garnishee. | |

I, ___Mary Johnmeyer_____, declare (fill in as applicable):

1.    I am the Garnishee, a partner of the Garnishee, or an authorized representative of the Garnishee.

2.    On ___April 7, 2021___, Garnishee acknowledges receipt of the Writ of Continuing Garnishment (Bank, IRA, Stocks or Brokerage Accounts).

3.    As of the date of service, the Garnishee has custody, control, or possession of the following property, in which Steven Zinnel, Judgment Debtor, maintains an interest, as described below:

///

///

ACKNOWLEDGMENT OF SERVICE AND ANSWER

1



GOVERNMENT
EXHIBIT
3
5:25-mc-30
5:25-mc-31

| Description of Property (Include Account or Safe Deposit Box Numbers) | Approximate Value | Description of Debtor's Interest in Property |
|---|---|---|
| Rollover IRA Acct 787-727536 | $ 25.01 Cash / Securities | Steve Zinnell Account owner |
| Rollover IRA Acct 782-830613 | $1,458,451.66 Cash/Seurities | Ardith Ferris Owner (deceased) Steve Zinnell Sole Beneficiary of Acct. |

4.    Garnishee anticipates owing to the Judgment Debtor in the future the following amounts:

| Amount | Estimate Date or Period Due |
|---|---|
| Garnishee does not anticipate owing future amounts to the Judgment Debtor | |

5.    List any other party who may have an interest in the property described above:

| Account/Safe Deposit Box Number | Name and Address |
|---|---|
| Garnishee is unaware of any other party who may have an interest in the property described above. | |

6.    Garnishee denies holding any property or does not expect to hold any property in the future that is subject to this Writ of Garnishment (Bank, IRA, Stocks or Brokage Accounts) – (Explain below):

Not Applicable.

7.    Garnishee must file with the Court this **original** Acknowledgment of Service and Answer of Garnishee (Bank, IRA, Stocks or Brokerage Accounts) at the following address:

United States District Court
Clerk of the Court
501 I Street, Room 4-200
Sacramento, CA 95814

ACKNOWLEDGMENT OF SERVICE AND ANSWER                    2

8.    The Garnishee will serve a copy of this Acknowledgment of Service and Answer of Garnishee (Bank, IRA, Stocks or Brokerage Accounts) by first class mail to the Judgment Debtor's attorney, the attorney for the United States:

Addressees

MICHAEL TANAKA, Attorney
12400 Wilshire Blvd., Suite 400
Los Angeles, CA  90025

United States Attorney's Office
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814

9.    I hereby execute this Acknowledgment of Service and Answer of Garnishee (Bank, IRAs, Stocks or Brokerage Accounts) and declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:    April 13, 2021

TD Ameritrade, Inc.
Name of Garnishee (Printed)

Signature of Declarant*
Mary Johnmeyer
Printed Name of Declarant
Paralegal
Full Title of Declarant
700 Maryville Centre Dr., St. Louis, MO 63141
Full Address
636-614-8781
Telephone Number:

(*Declarant:  Person completing this form)

ACKNOWLEDGMENT OF SERVICE AND ANSWER                3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he/she is a person of such age and discretion to be competent to serve papers.

That on ___April 13, 2021_____, I served a copy of the attached Acknowledgement of Service and Answer of Garnishee (Bank, IRAs, Stocks or Brokerage Accounts), by placing copies in a postage paid envelope addressed to the addressees shown below, which are their last known addresses, and by depositing the envelope and contents in the United States mail at _St. Louis, Missouri_____.

Addressees

MICHAEL TANAKA, Attorney
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025

United States Attorney's Office
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814

By: _____
Declarant  Mary Johnmeyer

UNITED STATES OF AMERICA
DISTRICT OF SOUTH DAKOTA  } ss
   I, MATTHEW W. THELEN, Clerk of the United States District Court for the District of South Dakota, hereby certify that the above and foregoing is a true copy of the original now on file in my office.
Dated: Oct 28, 2025
   MATTHEW W. THELEN, Clerk
By: Matthew Thelen

ACKNOWLEDGMENT OF SERVICE AND ANSWER                    4



GOVERNMENT
EXHIBIT
4
5:25-mc-30
5:25-mc-31

UNITED STATES OF AMERICA
DISTRICT OF SOUTH DAKOTA } ss

I, MATTHEW W. THELEN, Clerk of the
United States District Court for the
District of South Dakota, hereby certify
that the above and foregoing is a true
copy of the original now on file in my
office.

Dated: Oct 28, 2025

MATTHEW W. THELEN, Clerk

By: _____

(Page 3 of 8)

Open Your Account

Page 1 of 3

BEGIN FORM - Terms and Conditions Effective: Tue Jul 19 09:32:49 CDT 2005





| | For Internal Use Only |
|---|---|
| Account Number: | ████0613 |
| Type: | Rollover (Non-Contributory) IRA |
| Registration: | Cash |
| Referrer: | direct |
| Ad Code: | web |

**Mailing Address**
Standard Delivery:  PO Box 2760, Omaha, NE 68103-2760
Overnight Delivery:  1005 N. Ameritrade Place, Bellevue, NE 68005
Fax:  816-243-3769

**New Account Information**
Type:  Rollover (Non-Contributory) IRA
Registration:  Cash
Receive Corp. Communications:  Yes
Email Address:  szinnel@████
Account Statement:  Monthly Electronic
Trade Confirmation:  Electronic
Funding:  Transfer
Contribution Tax Year:
Type of Deposit:  Direct Transfer

DOCUMENT   11609805

**Primary Account Owner**
Name:  ARDITH L FERRIS
Street Address:  ████
GOLD RIVER, CA 95670
UNITED STATES OF AMERICA
Marital Status:  Divorced
Home Phone:  (916) 402-████
Social Security Number:  ████7239
Date of Birth:  ████1945
Mother's Maiden Name:  Dethlefs
Citizenship:  US Citizen
Employment Status:  Self Employed
Employer:  Ardith Ferris
Employer Address:  ████
Gold River, CA 95670
UNITED STATES OF AMERICA
Corporate Affiliation:  No
NASD Affiliation:  No

**Financial Questionnaire**
Income:  ████
Networth:
Liquid Networth:
**Primary Beneficiary**
Name:  Steve Zinnel
Percentage:  100%
Social Security Number:  ████073
Date of Birth:  ████963
Relationship:  Son
Mailing Address:  ████
GOLD RIVER, CA 95670
UNITED STATES OF AMERICA

Open Your Account

Page 2 of 3

## PRIMARY BENEFICIARY SPOUSAL AGREEMENT

If the participant's spouse is not designated as the sole primary beneficiary, the spouse must sign the following consent. "I hereby consent to the above beneficiary designation and, if a resident of a community property or marital property state, I give the account holder any interest in the funds deposited in this account."

Date: _____

x _____

Signature of Spouse

Account Number: ████0613

## IRA CASH AGREEMENT

I am establishing an Individual Retirement Account Plan under the Ameritrade Clearing, Division of Ameritrade, Inc. (Custodian) Prototype Individual Retirement Plan and Custodial Agreement, which is incorporated by reference. I understand that the account is subject to rules and regulations of the United States Internal Revenue Service, and that the funding of the account may have significant tax and financial consequences. I accept responsibility for the information contained in this application and affirm such information is true and correct. I agree to indemnify and hold harmless Ameritrade and Ameritrade Clearing, Division of Ameritrade, Inc. from any and all liability and claims for damages resulting from any action taken pursuant to this Agreement

I designate Ameritrade Clearing, Division of Ameritrade, Inc. as Custodian and make the following declaration:

I understand that the Custodian will invest and reinvest my account assets only with written direction from me or from a properly appointed Investment Manager. This document constitutes my authority to execute all trades for my IRA. Confirmations and statements will verify such instructions. All securities, dividends and proceeds will be held at Ameritrade Clearing, Division of Ameritrade, Inc. unless otherwise instructed.

**For Individual (Contributory) IRAs:** I direct Ameritrade Clearing, Division of Ameritrade, Inc. to maintain my deductible, rollover, and direct rollover contribution(s) in a contributory Individual Retirement Account.

**For Rollover (Non-Contributory) IRAs:** I understand that if I make any contributions to this account, which holds funds rolled over from an employee benefit plan, or otherwise commingle rollover amounts, I cannot roll the funds over to another employee benefit plan at a later date. Upon my contribution to this account, I understand my account will be automatically changed to an Individual Contributory IRA.

Under penalties of perjury, I certify (1) that the Social Security Number shown on this form is my correct taxpayer identification number and (2) that I am not subject to backup withholding and (3) I am a U.S. person (including a resident alien); provided, however, if I am a non-resident alien as disclosed in this application, I do not certify that I am a U.S. person. If I have been notified by the IRS that I am subject to backup withholding as a result of dividend or interest underreporting, I must cross out (2) in this certification.

If I am a non-resident alien, I declare that I have "earned income" within the United States. "Earned income" does not include, among other things, money earned from property, interest or dividend income, money received from a pension or annuity, money received as deferred compensation or as a deferred incentive award.

I understand this Designation of Beneficiary will be effective on the date received by the Custodian. This Designation of Beneficiary will remain in full force and effect until such time as the Custodian is in actual receipt of a written revocation or change of beneficiary signed by me and in such form and substance as the Custodian deems necessary. If I change the beneficiaries, all previously designated beneficiaries no longer have the right to receive benefits under this Agreement.

This application provides for the deposit of funds or securities into the account. I understand that the funding of this account is subject to the rules and regulations of the United States Internal Revenue Service and that my failure to abide by such rules and regulations may have important and possibly irrevocable tax and financial consequences. I attest that the funding information provided is true and correct, authorize Ameritrade Clearing, Division of Ameritrade, Inc. to deposit the funds or securities according to the funding instructions, and assume full responsibility for this funding transaction. I release and agree to indemnify and hold harmless Ameritrade Clearing, Division of Ameritrade, Inc. from any and all liability and claims for

damages for any adverse consequences that may result.

I have received and read the Terms and Conditions that will govern my account. I understand that the Terms and Conditions contain pre-dispute arbitration clauses. I agree to be bound by these terms and conditions as amended from time to time. I hereby request an IRA account to be opened in the name set forth below.

**This Brokerage Account Agreement contains pre-dispute arbitration clauses in the Terms and Conditions section.**

I understand that investments purchased through Ameritrade are not insured by the FDIC (Federal Deposit Insurance Corporation), are not obligations of or guaranteed by any financial institution and are subject to investment risk and loss that may exceed the principal invested.

Important information about procedures for opening a new account:
To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for you: When you open an account, we will ask for your name, address, date of birth and other information that will allow us to identify you. We may also utilize a third-party information provider for verification purposes and/or ask for a copy of your driver's license or other identifying documents.

---

Account Owner(s) must sign.

8/12/05    Date

X _____ 
ARDITH L FERRIS
Account Number: ░░░░0613

---

For Introducing Broker use only

_____
R.R. - Gen. Prin.                                            Date

---

Accepted and Approved by *Ameritrade Clearing*
By: _____    Date: _____

---

Account Number: ░░░░0613

END FORM - Terms and Conditions Effective: Tue Jul 19 09:32:49 CDT 2005

https://wwwna.ameritrade.com/cgi-bin/apps/IraApServlet?pagehandler=IraPrintedApp&unique_id=32621...    7/19/2005

4

MR. STEVE ZINNEL:  That would be fine, your Honor.

THE COURT:  And a third party here, if I could get appearances, please.

MR. PETERSON:  Greg Peterson for David Zinnel, who is with me.  And he is both the successor and trustee of the Castana Trust and a third party, beneficiary.

THE COURT:  And again, Mr. Peterson, good afternoon to you.

David Zinnel, good afternoon to you.

So what I'm going to do is I'm going to take a crack at stating the material terms; what I understand everyone has agreed to today.

I will ask each of you to please correct any misstatements I make or omissions I make about the material terms.  And then once we have all those laid out, I'm going to ask everyone if they understand and agree to those terms.

I do want to make clear that while none of us are in the courthouse right now, for all practical purposes, it's as if we were in the courthouse.  I am wearing my robe, we have a court reporter, we are now on the record.

So in this case Mr. Zinnel -- I'm sorry -- Steven Zinnel continues to take the position -- and it's been David's position -- that it was their mother's desire to leave all of her assets equally to her two boys and through a trust, but there is a recognition that that may not have been fully

THRESHA SPENCER, OFFICIAL COURT REPORTER,

PENGAD 800-631-6989
GOVERNMENT
EXHIBIT
5
5:25-mc-30
5:25-mc-31

5

accomplished when setting up the Ameritrade account.

But recognition that that is really an issue between Steven and the government as a result of his criminal conviction and the amounts that the government asserts he owes for restitution, fine, and litigation surcharge.

So David Zinnel agrees to dismiss any third party claims he has in this case and withdraw any claims asserting undue influence, fraud, anything else -- or any claims essentially as to the amount the government is seeking from Steve Zinnel out of the Ameritrade account and saying "That is between Mr. Zinnel and the government."

Steve Zinnel agrees that any amount that goes to satisfy the government is his responsibility and not David's, so Steve Zinnel doesn't agree he owes the government any additional money, he believes that that may have already been satisfied.

Or if there is any money owed, it may be for a fine but not for any restitution. But that is for him to litigate with the government.

And he agrees that any amount necessary to satisfy the government is solely his obligation and not an obligation of the trust or to be partially shared by David.

And one of the most simple math examples I gave is if there were a million dollars of trust assets -- apart from the Ameritrade account -- and a million dollars in the Ameritrade account and the government was entitled to the entire million

6

dollars in the Ameritrade account, the entire million dollars remaining in the trust account would go to David because there was a total of $2 million in assets, Steven's one half million dollars went fully to the government and David would be entitled to everything that remains.  So that will be between Steven and the government moving forward.

There was -- there is -- the government asserts a maximum exposure from the Ameritrade account of $513,056 in restitution, $500,000 in fine.

The government was seeking a litigation surcharge of $301,429, but as part of the agreement here today and the resolution, the government agrees the maximum exposure for Steven Zinnel on that Ameritrade account, they're reducing their litigation surcharge to $150,000.

So the total exposure is $1,163,056.  Again, no agreement by Steve Zinnel that the government is entitled to that amount, and the government agrees that would be the maximum they're seeking from the Ameritrade account.

And the parties then agree that whatever remains from the Ameritrade account, whether it's all of that, whether it's the government gets part of it or all of it, whatever remains is then an asset of the Castana Trust.

And the parties will agree on the record today that any remaining amounts as well as if there's any documentation that needs to be done.  And, you know, the government agrees that

THRESHA SPENCER, OFFICIAL COURT REPORTER, USDC

7

they really don't have a dog in that fight once their issue with Steve Zinnel has been resolved, but the parties agreed that this transcript could be sent to Ameritrade.

And if there's any documentation that needs to be done, that no one will be seeking any assets from the Ameritrade account, Ameritrade is not to distribute any assets until it gets an order from the federal court as to what, if anything, the federal government is entitled to.

From that, Ameritrade can satisfy that federal court judgment. And the balance then gets sent to the Castana Trust. And, in fact, the Ameritrade account can be converted to a Castana Trust account.

The government is not at this point dismissing its action against the Castana Trust. There is an action in federal court, 21-mc-143, but the government agrees to stay any proceedings in that action until this case involving the Ameritrade account has been resolved.

And if that fully satisfies the government's judgment against Mr. Zinnel, they will then move to promptly dismiss any claim the government has asserted in the Castana Trust as well as remove any liens against any real property.

Someone informed me that the most recent look at the Ameritrade account, it's actually gone up in value, up to about a million 5. At one point it was a million 8, then it went down to a million 4.

11

both cases.  Now I'm hearing 143 is going to stay in limbo out there, and I don't want to agree to settle on a specific figure, leave a second action that is sort of open, and then all of a sudden we've got a new conversation going about, "Well, there is more money owed over here in the second case."

THE COURT:  Well, I guess I was trying to make it clear -- which is I think Ms. Ernce is agreeing -- that if -- if the government recovers its $1,163,056 in this Ameritrade action, that will completely resolve the government's claim. Even if they've asserted larger amounts in the Castana Trust or in 143, they're not going to be pursuing any difference.

Ms. Ernce and the government is agreeing that a satisfaction of that $1,163,056 would fully satisfy the government's claims against Mr. Zinnel as well as any liens they've asserted against the trust or otherwise.

Am I correct about that, Ms. Ernce?

MS. ERNCE:  That is correct.  But if the United States doesn't get the full 1.1, then, yes, the United States will pursue the Castana Trust for whatever the shortfall is.

MR. PETERSON:  And the last part is the -- I think you addressed this in your comments, your Honor, but I'm looking for as soon as the United States has received resolution, has been paid the full amount agreed to, it no longer has an interest in any of the remaining IRA funds, and at that point the remaining parties -- so now there is, the

15

THE COURT: Wait, wait, stop. I want to make clear two things. Number one of which, the government is not agreeing today that the Ameritrade account is a trust asset. It is the government's position that it wasn't set in the trust, and that's not set up that way.

Instead, it is my understanding that Steve Zinnel and David Zinnel don't have a disagreement amongst the two of them that it was their mother's desire to have money paid into a trust. There's even a pour-over provision, and that's where assets get distributed from.

And so it is -- to be clear, when you talked about a court order and the standard, I don't know whether you're talking about an order from this court, the probate court, what you're talking about.

What it's making clear is once the government's claim against Steve Zinnel has been satisfied from the Ameritrade account, they no longer have any claim to the remainder of the money; no dog in that fight.

If Steven and David want to say that that's a trust asset, that's between them, as far as the government is concerned. If they want to say it's part of Elvis Presley's estate, the government doesn't care, that's between them.

I just want to make clear here that to avoid later disputes, while we're here on the record, Steven and David will both, on the record in front of a federal court, agree that the

16

remainder, once the government has been satisfied, will be a trust asset and will do whatever paperwork is necessary to effectuate that.

If it's an order from a probate court, fine. If it is the two of them just signing something with Ameritrade saying, "Please rename this account," but that's between them, the government is not involved in this, this Court is not making a determination whether or not it is a trust asset, just that the brothers are agreeing that that's what it is once the government is satisfied.

Does that make it clear? I see a yes from Ms. Ernce.

MS. ERNCE: Yes, your Honor.

THE COURT: Mr. Peterson?

MR. PETERSON: Yes. How about Mr. Zinnel?

THE COURT: I'm going to get to him on that, but I just want to make -- Mr. Peterson, one of the things that I misstated or need clarification.

Mr. Peterson, anything else?

MR. PETERSON: No.

THE COURT: Steven Zinnel, anything I've misstated or need clarification before we agree to all of this on the record?

MR. STEVEN ZINNEL: Three things, your Honor, quickly. Again, I just want to clarify. I agree -- I'm stipulating that the Court has jurisdiction -- limited

17

jurisdiction to make this settlement, but I strongly dispute that the Eastern District has jurisdiction, and I will continue to litigate that by me consenting today, I am not consenting and waiving my jurisdictional and venue argument.

THE COURT:  Wait, wait, wait.  Let's just stop each one, and I understood.  I thought I had stated that, but I agree, Ms. Ernce, do you recognize and agree with that as well?  You're not agreeing the venue is somewhere else, but you're agreeing he's not giving up his venue argument by entering into this agreement today?

MS. ERNCE:  I agree that he's not giving up his venue argument.  But, I mean, the Court will have jurisdiction to adjudicate the TD Ameritrade garnishment so we can bring this to a close.

THE COURT:  Well, that's between -- Mr. Zinnel can continue to make his argument if the Court doesn't have jurisdiction to do that.  Yeah, okay.

MR. STEVEN ZINNEL:  That's correct, your Honor, and I intend to.

THE COURT:  Go ahead, next.

MR. STEVEN ZINNEL:  If I win on this, then this is for nothing.

THE COURT:  No, no, not necessarily.  No, and I want to make clear.  Because wait, wait, wait.  I think it was Orange, if I wasn't mistaken.  At some point you said the

18

jurisdiction is more appropriate.  Let's assume I'm picking Orange.

MR. STEVEN ZINNEL:  That's where I am.

THE COURT:  All right.  Well, you're down in Central District.  Everything that's been agreed here is still part of the court justice and will go to the Central District and would still be enforceable there just as much as it is here.  Even if you say, "Well, the rest of the case should be adjudicated there," everything agreed to here is still enforceable.

Do you understand that?

MR. STEVEN ZINNEL:  I agree, your Honor.

THE COURT:  Okay.  Point number two, Mr. Zinnel.

MR. STEVEN ZINNEL:  Okay.  Not only do I want an accounting from David Zinnel, but I want an accounting from the government.

THE COURT:  And that's a separate issue that we purposefully haven't gotten into.  That is still your right in the action against the government, and I'm sure that is part of agreed bone of contention.  To be ultimately decided by Judge Claire is the evidence and issues sufficient, and ultimately Judge Nunley is --

MR. STEVEN ZINNEL:  I think the goal is --

THE COURT:  I get that, and you're not giving up -- I understand that.  I'm sorry, what?

MR. STEVEN ZINNEL:  I believe under the law the

stop me from filing this, so...

THE COURT: Thresha, we can go off the record. You don't have to take all this down.

(Proceedings adjourned: 1:35 p.m.)

---o0o---

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


/s/ Thresha Spencer
THRESHA SPENCER
CSR No. 11788, RPR

UNITED STATES OF AMERICA
DISTRICT OF SOUTH DAKOTA } ss

I, MATTHEW W. THELEN, Clerk of the United States District Court for the District of South Dakota, hereby certify that the above and foregoing is a true copy of the original now on file in my office.

Dated: Oct 28, 2025

MATTHEW W. THELEN, Clerk

By: Matthew Thelen

THRESHA SPENCER, OFFICIAL COURT REPORTER, USDC

Steven Zinnel, #66138-097
Federal Correctional Institution
FPC Sheridan
P.O. Box 6000
Sheridan, OR 97378-6000

Defendant in Pro Se





**FILED**

MAY - 3 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>  v.<br><br>STEVEN ZINNEL,<br><br><br>    Defendant and Judgment Debtor.<br><br>TD AMERITRADE CLEARING, INC.,<br>(and its Successors and Assignees)<br><br><br>    Garnishee. | Case No.: 2:21-mc-00098-TLN<br>Criminal Case No.: 2:11-cr-00234-TLN<br><br>**DEFENDANT STEVEN ZINNEL'S**<br>NOTICE OF CLAIM OF EXEMPTION |

After being incarcerated for almost eight (8) years, Steven Zinnel ("Zinnel") is unaware of if he has any assets. However, to protect his interests, Zinnel claims the exemptions from enforcement that are checked on the pages attached hereto.

                    Steven Zinnel        Dated: 1/28/21

GOVERNMENT
EXHIBIT
6
5:25-mc-30

PENGAD 800-631-6989

5:25-mc-31

## CLAIM FOR EXEMPTION FORM
## MAJOR EXEMPTIONS UNDER FEDERAL LAW

EXPLANATION:  Certain property may be exempt from execution by the United States. 18 U.S.C. § 3613(a).  You may use the attached Exemptions Claim Form if you intend to claim any exemptions.

NOTE: 18 U.S.C. § 3613(a). The federal statute governing liens arising from criminal fines and restitution obligations generally incorporates the exemptions available to individual taxpayers under § 6334(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Service Code.

I claim the exemption(s) from enforcement which are checked below apply in this case:

X  1.   **Wearing apparel and school books**. Such items of wearing apparel and such school books are necessary for the debtor or for members of his/her family.

X  2.   **Fuel, provisions, furniture, and personal effects**. So much of the fuel, provisions, furniture, and personal effects in the Debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed **$9,790.00** in value.

X  3.   **Books and tools of a trade, business, or profession**. So many of the books, and tools necessary for the trade, business, or professional of the debtor as do not exceed the aggregate **$4,890.00** in value.

X  4.   **Unemployment benefits**.  Any amounts paid to an individual with respect to his/her unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or the Commonwealth of Puerto Rico.

X  5.   **Undeliverable Mail**. Mail, addressed to any person, which has not been delivered to the addressee.

___ 6.   **Certain annuity and pension payment**. Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. § 1562), and annuities based on retired or retainer pay under Chapter 73 of Title 10 of the United States Code.

X  7.   **Workmen's Compensation**.  Any amount payable with respect to compensation (including any portion thereof payable with respect to dependents) under a worker's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

___ 8.   **Judgments for support of minor children**. If the debtor is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his/her minor children, so much of his/her salary, wages, or other income as is necessary to comply with such judgment.

___ 9.   **Certain service-connected disability payments**. Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of Title 38, United States Code) disability benefit under – (A) subchapter II,III, IV, V, or VI of Chapter 11 of such Title 38 or (B) Chapter 13, 21, 23, 31, 32, 34, 35, 7 or 30 of such Title 38.

___X___ 10.    **Assistance under Job Training Partnership** Act.  Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. § 1501. *et seq.*) from funds appropriated pursuant to such Act.

The statements made in this claim regarding exemption entitlement and fair market value of the property designated are made and declared under penalty of perjury that they are true and accurate.

Executed on ___1|26|21_____ , 2021.

Signature _____

Printed Name STEVEN  ZINNEL

ALLEGED
(X) Judgment Debtor

( ) Representative of Judgment Debtor

( ) Judgment Debtor's Spouse


_____
(Title/Organization)

INSTRUCTIONS ON HOW TO CLAIM
EXEMPTIONS AND CLAIM FOR EXEMPTION          3
FORM

## CERTIFICATION OF SERVICE

### By United States Mail

I hereby certify that at the time of service, I was over the age of 18. I further certify that

on ____4/28/21____ I served a true and correct copy of the foregoing on:

AUSA Kurt A. Didier
AUSA Matthew D. Segal
United States Attorney's Office, ED CA
501 I Street, Suite 10-100
Sacramento, CA 95814

TD Ameritrade Clearing, Inc.
Incorporating Service, LTD
7801 Folsom Blvd., #202
Sacramento, CA 95826

Attorney for Plaintiff

by United States Mail, in a sealed envelope with the postage thereon fully prepaid, and then depositing the foregoing with prison authorities

Pursuant to *Houston v. Lack*, 487 U.S. 266, 270-271, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a Pro Se prisoner's filing is deemed filed with the Court on the date of delivery to prison authorities for filing with the Court.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Steven Zinnel,    #66138-097
Federal Correctional Institution
P.O. Box 6000
Sheridan, OR   97378-6000

UNITED STATES OF AMERICA          } SS
DISTRICT OF SOUTH DAKOTA
    I, MATTHEW W. THELEN, Clerk of the
United States District Court for the
District of South Dakota, hereby certify
that the above and foregoing is a true
copy of the original now on file in my
office.
Dated: Oct 28, 2025
          MATTHEW W. THELEN, Clerk
By: _Matthew Thelen_

**Transaction Information:**

| Document Type/Number* | | Document Date | Accomplished Date | Line Type | | Amount | Party/Payee Name | | Doc Actn | Trans Type | Fund |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Account Number | Debt Type Line # | Debt Type | | Payee Line # | | Depository Line # | Check Number | | | |
| ███████ ████ | 08-Sep-14 | 01-Oct-14 | PR | | | 25.00 | STEVEN ZINNEL | | O | OP3 | 504100 |
| | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | |
| ███████ ████ | 08-Dec-14 | 15-Jan-15 | PR | | | 25.00 | STEVEN ZINNEL | | O | OP3 | 504100 |
| | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | |
| ███████ ████ | 09-Mar-15 | 01-Apr-15 | PR | | | 25.00 | STEVEN ZINNEL | | O | OP3 | 504100 |
| | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | |
| ███████ ████ | 08-Jun-15 | 01-Jul-15 | PR | | | 25.00 | STEVEN ZINNEL | | O | OP3 | 504100 |
| | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | |
| ███████ ████ | 08-Sep-15 | 01-Oct-15 | PR | | | 25.00 | STEVEN ZINNEL | | O | OP3 | 504100 |
| | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | |
| ███████ ████ | 08-Dec-15 | 04-Jan-16 | PR | | | 25.00 | STEVEN ZINNEL | | O | OP3 | 504100 |
| | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | |
| ███████ ████ | 08-Mar-16 | 04-Apr-16 | PR | | | 25.00 | STEVEN ZINNEL | | O | OP3 | 504100 |
| | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | |
| ███████ ████ | 07-Jun-16 | 05-Jul-16 | PR | | | 25.00 | STEVEN ZINNEL | | O | OP3 | 504100 |
| | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | |
| ███████ ████ | 06-Dec-16 | 03-Jan-17 | PR | | | 25.00 | STEVEN ZINNEL | | O | OP3 | 504100 |
| | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | |
| ███████ ████ | 09-Mar-17 | 03-Apr-17 | PR | | | 25.00 | STEVEN ZINNEL | | O | OP3 | 504100 |
| | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | |
| ███████ ████ | 09-Jun-17 | 05-Jul-17 | PR | | | 25.00 | STEVEN ZINNEL | | O | OP3 | 504100 |
| | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | |
| ███████ ████ | 11-Sep-17 | 02-Oct-17 | PR | | | 25.00 | STEVEN ZINNEL | | O | OP3 | 504100 |
| | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | |
| ███████ ████ | 11-Dec-17 | 02-Jan-18 | PR | | | 25.00 | STEVEN ZINNEL | | O | OP3 | 504100 |

10/23/2025 13:50:00



GOVERNMENT EXHIBIT
7
5:25-mc-30

5:25-mc-31

**U.S. Courts**
**Case Inquiry Report**
**Case Num:** DCAE211CR000234;   **Party Num:** N/A;   **Payee Code:** N/A
**Show Party Details:** N/A;   **Show Payee Details:** N/A;   **Show Transactions:** Y

**Transaction Information:**

| Document Type/Number* | Account Number | Document Date | Debt Type Line # | Accomplished Date | Debt Type | Line Type | Payee Line # | Amount | Party/Payee Name | Depository Line # | Check Number | Doc Actn | Trans Type | Fund |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | | | |
| | | 07-Mar-18 | | 03-Apr-18 | | PR | | 25.00 | STEVEN ZINNEL | | | O | OP3 | 504100 |
| | | | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | | | |
| | | 11-Jun-18 | | 02-Jul-18 | | PR | | 25.00 | STEVEN ZINNEL | | | O | OP3 | 504100 |
| | | | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | | | |
| | | 10-Sep-18 | | 01-Oct-18 | | PR | | 25.00 | STEVEN ZINNEL | | | O | OP3 | 504100 |
| | | | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | | | |
| | | 09-Sep-19 | | 01-Oct-19 | | PR | | 25.00 | STEVEN ZINNEL | | | O | IP3 | 504100 |
| | | | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | | | |
| | | 10-Dec-19 | | 02-Jan-20 | | PR | | 25.00 | STEVEN ZINNEL | | | O | IP3 | 504100 |
| | | | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | | | |
| | | 10-Mar-20 | | 02-Apr-20 | | PR | | 25.00 | STEVEN ZINNEL | | | O | IP3 | 504100 |
| | | | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | | | |
| | | 09-Jun-20 | | 01-Jul-20 | | PR | | 25.00 | STEVEN ZINNEL | | | O | IP3 | 504100 |
| | | | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | | | |
| | | 09-Sep-20 | | 09-Oct-20 | | PR | | 25.00 | STEVEN ZINNEL | | | O | IP3 | 504100 |
| | | | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | | | |
| | | 10-Mar-21 | | 01-Apr-21 | | PR | | 100.00 | STEVEN ZINNEL | | | O | IP3 | 504100 |
| | | | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | | | |
| | | 08-Apr-21 | | 03-May-21 | | PR | | 100.00 | STEVEN ZINNEL | | | O | IP3 | 504100 |
| | | | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | | | |
| | | 10-May-21 | | 01-Jun-21 | | PR | | 100.00 | STEVEN ZINNEL | | | O | IP3 | 504100 |
| | | | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | | | |
| | | 09-Jun-21 | | 01-Jul-21 | | PR | | 100.00 | STEVEN ZINNEL | | | O | IP3 | 504100 |
| | | | 1 | | SPECIAL PENALTY ASSESSMENT | | | | | | | | | |

10/23/2025 13:50:00

# U.S. Courts
## Case Inquiry Report
Case Num: DCAE211CR000234;  Party Num: N/A;  Payee Code: N/A

Show Party Details: N/A;  Show Payee Details: N/A;  Show Transactions: Y

**Transaction Information:**

| Document Type/Number* | Account Number | Document Date / Debt Type Line # | Accomplished Date / Debt Type | Line Type | Payee Line # | Amount | Party/Payee Name / Depository Line # | Check Number | Doc Actn | Trans Type | Fund |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ▓▓▓▓ | ▓▓▓▓ | ▓ | ▓▓▓▓ | | ▓ | | | | | | |
| ▓▓▓ | | 20-May-22 / 2 | 20-May-22 / VICTIM RESTITUTION | PR | | 29,307.26 | STEVEN ZINNEL | | O | 99 | 6855XX |
| | ▓▓▓ | ▓▓▓ | ▓▓▓ | ▓ | | ▓▓ | ▓▓▓▓▓ | | ▓ | ▓ | ▓▓ |
| | ▓▓▓ | ▓ | ▓▓▓ | ▓ | ▓ | ▓▓ | ▓▓▓ | | ▓ | ▓ | ▓▓ |
| ▓▓▓ | | ▓▓▓ | ▓▓▓ | ▓ | ▓ | | ▓▓▓▓ | | ▓ | ▓ | |
| | ▓▓▓ | ▓▓▓ | ▓▓▓ | ▓ | ▓ | ▓▓ | ▓▓▓▓▓ | | ▓ | ▓ | ▓▓ |
| ▓▓▓ | | ▓▓▓ | ▓▓▓ | ▓ | ▓ | ▓▓ | ▓▓▓▓ | ▓ | ▓ | ▓ | |
| ▓▓▓ | | ▓▓▓ | ▓▓▓ | | ▓ | ▓▓ | ▓▓▓ | | ▓ | ▓ | ▓▓ |
| ▓▓▓ | | 24-May-22 / 2 | 25-May-22 / VICTIM RESTITUTION | PR | | 25.00 | STEVEN ZINNEL | | O | 06 | 6855XX |
| ▓▓▓ | | 03-Jun-22 / 2 | 03-Jun-22 / VICTIM RESTITUTION | PR | | 271,346.89 | STEVEN ZINNEL | | O | 99 | 6855XX |
| | ▓▓▓ | ▓▓▓ | ▓▓▓ | ▓ | | ▓▓ | ▓▓▓ | | ▓ | ▓ | ▓▓ |
| ▓▓▓ | | ▓ | ▓▓▓ | | ▓ | ▓▓ | ▓▓▓ | | ▓ | ▓ | |
| ▓▓▓ | | ▓ | ▓▓▓ | ▓ | ▓ | ▓▓ | ▓▓▓ | | ▓ | ▓ | ▓▓ |

**Transaction Information:**

| Document Type/Number* Account Number | Document Date Debt Type Line # | Accomplished Date Debt Type | Line Type | Payee Line # | Amount | Party/Payee Name Depository Line # Check Number | Doc Actn | Trans Type | Fund |
|---|---|---|---|---|---|---|---|---|---|
| ▓▓▓▓▓▓ | 01-Aug-22 3 | 02-Aug-22 FINE-CRIME VICTIMS FUND | PR | | 500,000.00 | STEVEN ZINNEL | O | 04 | 504100 |
| ▓▓▓▓▓▓ | 01-Aug-22 2 | 02-Aug-22 VICTIM RESTITUTION | PR | | 512,047.08 | STEVEN ZINNEL | O | 06 | 6855XX |
| ▓▓▓▓▓▓ | 05-Aug-22 2 | ▓▓▓▓▓ | ▓ | ▓ | ▓▓▓ | ▓▓▓▓▓ | ▓ | ▓ | ▓▓ |
| ▓▓▓▓▓▓ | ▓ | ▓▓▓▓▓ | | ▓ | ▓▓▓ | ▓▓▓▓▓ | ▓ | ▓ | ▓▓ |
| ▓▓▓▓▓▓ | ▓ | ▓▓▓▓▓ | | ▓ | ▓▓▓ | ▓▓▓▓▓ | ▓ | ▓ | ▓▓ |
| ▓▓▓▓▓▓ | ▓ | ▓▓▓▓▓ | | | ▓▓▓ | ▓▓▓▓▓▓ | ▓ | ▓ | ▓▓ |
| ▓▓▓▓▓▓ | ▓ | ▓▓▓▓▓ | | ▓ | ▓▓▓ | ▓▓▓▓▓ | ▓ | ▓ | ▓▓ |
| ▓▓▓▓▓▓ | ▓ | ▓▓▓▓▓ | | ▓ | ▓▓▓ | ▓▓▓▓▓ | ▓ | ▓ | ▓▓ |
| ▓▓▓▓▓▓ | ▓ | ▓▓▓▓▓ | | | ▓▓▓ | ▓▓▓▓▓▓ | ▓ | ▓ | ▓▓ |
| ▓▓▓▓▓▓ | ▓ | ▓▓▓▓▓ | | ▓ | ▓▓▓ | ▓▓▓▓▓▓ | ▓ | ▓ | ▓▓ |
| ▓▓▓▓▓▓ | ▓ | ▓▓▓▓▓ | | 9 | ▓▓▓ | ▓▓▓▓▓ | O | 03 | 6855XX |
| ▓▓▓▓▓▓ | ▓ | ▓▓▓▓▓ | | | ▓▓▓ | ▓▓▓▓▓ | ▓ | ▓ | ▓▓ |

# U.S. Courts
## Case Inquiry Report
**Case Num: DCAE211CR000234;    Party Num: N/A;    Payee Code: N/A**

**Show Party Details: N/A;    Show Payee Details: N/A;    Show Transactions: Y**

**Transaction Information:**



**\* Document Type Legend**

| Document Type | Document Type Name |
|---|---|
| CCR | Cash Receipt - Courts CCA Conversion |
| CKC | Cash Receipt - Courts CCA Manual |
| CQC | Cash Receipt - Courts CCA Manual |
| CTC | Cash Receipt - Courts CCA Automated |
| PKC | General Payment Voucher - CCAM No-Check |
| PTC | General Payment Voucher - CCAM Automated |

10/23/2025 13:50:00

**U.S. Courts**
**Case Inquiry Report**
Case Num: DCAE211CR000234; Party Num: N/A; Payee Code: N/A
Show Party Details: N/A; Show Payee Details: N/A; Show Transactions: Y

**Transaction Information:**

| Document Type/Number* | Account Number | Document Date | Debt Type Line # | Accomplished Date | Debt Type | Line Type | Payee Line # | Amount | Party/Payee Name | Depository Line # | Check Number | Doc Actn | Trans Type | Fund |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ███ | ████ | 09-Jul-21 | 1 | 02-Aug-21 | SPECIAL PENALTY ASSESSMENT | PR | | 100.00 | STEVEN ZINNEL | | | O | IP3 | 504100 |
| ███ | ████ | 10-Aug-21 | 1 | 01-Sep-21 | SPECIAL PENALTY ASSESSMENT | PR | | 100.00 | STEVEN ZINNEL | | | O | IP3 | 504100 |
| ███ | ████ | 09-Sep-21 | 1 | 13-Oct-21 | SPECIAL PENALTY ASSESSMENT | PR | | 100.00 | STEVEN ZINNEL | | | O | IP3 | 504100 |
| ███ | ████ | 12-Oct-21 | 1 | 01-Nov-21 | SPECIAL PENALTY ASSESSMENT | PR | | 100.00 | STEVEN ZINNEL | | | O | IP3 | 504100 |
| ███ | ████ | 10-Nov-21 | 1 | 01-Dec-21 | SPECIAL PENALTY ASSESSMENT | PR | | 58.98 | STEVEN ZINNEL | | | O | IP3 | 504100 |
| ███ | ███ | 19-Jan-22 | 1 | 19-Jan-22 | SPECIAL PENALTY ASSESSMENT | PR | | (983.98) | STEVEN ZINNEL | | | O | 04 | 504100 |
| ███ | ████ | 19-Jan-22 | 2 | 19-Jan-22 | VICTIM RESTITUTION | PR | | 983.98 | STEVEN ZINNEL | | | O | 06 | 6855XX |
| ███ | ████ | 24-Mar-22 | 2 | 24-Mar-22 | VICTIM RESTITUTION | PR | | 1,413,608.79 | STEVEN ZINNEL | | | O | 99 | 6855XX |
| ███ | ████ | ████ | █ | ████ | ████ | █ | █ | ███ | ████████ | | | █ | █ | ███ |
| ███ | ████ | ████ | █ | ████ | ████ | | █ | ███ | ████████ | | | █ | █ | ███ |
| ███ | ████ | | | ████ | ████ | █ | █ | ███ | ██████████ | | | █ | █ | ███ |
| ███ | ████ | 04-May-22 | 2 | 04-May-22 | VICTIM RESTITUTION | PR | | 286,000.00 | STEVEN ZINNEL | | | O | 99 | 6855XX |
| ███ | ███ | ████ | ███ | ██ | | | | ███ | ████████ | | | █ | █ | ███ |